IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS T. CEOLA                                                                    PLAINTIFF

v.                                        CIVIL NO. 14-2191

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Thomas T. Ceola, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on March 14, 2012, alleging an inability to work since November 27, 2011, due to depression and a low back injury.  (Tr. 121, 123, 154).  An administrative hearing was held on July 3, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 26-60).

By written decision dated August 20, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

1

disease, diabetes mellitus, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 16). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 16, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to fully and fairly develop the record; 2) the ALJ erred in determining Plaintiff's severe impairments; 3) the ALJ erred in determining Plaintiff's RFC; and 4) the ALJ erred in failing to use a vocational expert at Step Five.

#### A. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find Plaintiff's alleged mental impairments to be severe impairments, the ALJ specifically discussed the alleged mental impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not

4

'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments.

### B.     Full and Fair Development of the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of a December 6, 2011, MRI of Plaintiff's lumbar spine, two RFC assessments completed by non-examining medical consultants, a consultative mental evaluation, and Plaintiff's medical records which include the records from two neurologists. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### C.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

5

activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record reveals that during the relevant time period Plaintiff helped care for his small child, helped with household chores, drove, took care of personal needs, shopped, played video games, watched television, and played games with friends every other week.  The record also reveals that Plaintiff was taking up to four hours of college courses per semester during the relevant time period.

In making a credibility determination, the ALJ also pointed out that Plaintiff failed to follow the medical recommendations of his treating and examining physicians.  Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."), 20 C.F.R. § 416.930(b).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992)

(holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

With regard to the testimony of Plaintiff's wife, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

7

In determining that Plaintiff maintained the RFC to perform a full range of light work, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).  A review of the record reveals that Plaintiff's last medical record dated October 4, 2013, indicates Plaintiff was in for a follow-up visit regarding his cholesterol, and at that time Plaintiff was noted to have fatigue, but denied arthralgias, back pain, myalgias, weakness, anxiety or depression.  (Tr. 383).

With respect to Plaintiff's obesity, although Plaintiff's treating physicians noted Plaintiff's weight, his treating physicians did not suggest Plaintiff's obesity imposed any additional work-related limitations.  See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### E.    Use of the Medical Vocational Guidelines (Grids):

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities.  Reed v. Sullivan, 988 F.2d 812,

815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of light work, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for light work, Plaintiff was not disabled.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 4th day of December, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE